CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 27 2005
JOHN F. CORCORAN, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EUGENE THOMAS, | ) | |
|    Plaintiff, | ) | Civil Action No. 7:05cv00429 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STATE OF VIRGINIA, | ) | By: Hon. Jackson L. Kiser |
|    Defendant. | ) | Senior United States District Judge |

Plaintiff Eugene Thomas, proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1331. Thomas has been released from prison, but now alleges that he was improperly convicted of crimes he admits he committed but claims he was unable to prevent. As relief he seeks monetary damages. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted. Therefore, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Generally, under § 1983 a prisoner may be awarded a full range of compensatory and/or punitive damages. See, e.g., Smith v. Wade, 461 U.S. 30, 34-35 (1983)(awarding punitive damages); Jenkins v. Averett, 424 F.2d 1228, 1233 (4 th Cir. 1970)(awarding damages for pain and suffering). However, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a prisoner must prove that the conviction or sentence was: 1) reversed on direct appeal; 2) expunged by executive order; 3) declared invalid by a state tribunal authorized to make such a determination; or 4) called into question by a federal court's issuance of a § 2254 writ. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the prisoner cannot make this showing his claim is not cognizable. Id. Therefore, if judgment in favor of the plaintiff would "necessarily imply" the plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.

Thomas admits that he committed the murder of which he was convicted and has shown no evidence that his conviction or sentence in this matter has been reversed or expunged due his alleged incompetence. Furthermore, plaintiff admits that his petition for a writ of habeas corpus following his conviction on this matter was denied. Accordingly, I find that this claim must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate order will be entered this day.

**ENTER:** This 27th day of July, 2005.

*[signature]*
United States District Judge